IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT GENE BAILEY,               )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     1:16CV351
                                  )
STIG LARSON, et al.,              )
                                  )
            Defendant(s).         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil action alleging, at least in part, that Defendants violated his constitutional rights. This is one of a number of similar actions filed by Plaintiff in this Court in a short period of time. Given the nature of the allegations, the Court filed it as a civil rights action pursuant to 42 U.S.C. § 1983. However, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Moreover, Plaintiff may not proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. The Prison Litigation Reform Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is a frequent *pro se* litigator in federal courts in North Carolina who has had at least three previous suits dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. See Bailey v. City of Fayetteville, No. 4:13CV156 (E.D.N.C. Aug. 19, 2013) (unpublished). Therefore, unless he can establish imminent danger of serious physical injury, Plaintiff must pay the $400.00 filing fee. The facts in the present Complaint do not support any such allegation of imminent danger of serious physical injury. Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to file in this Court.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

3. Plaintiff does not appear to state a viable claim for relief. Plaintiff's claims are generally conclusory in nature. Further, they may call into question his current criminal convictions, which is not proper in a § 1983 action. Heck v. Humphrey, 512 U.S. 477 (1994). In addition, to the extent they are not barred by Heck, the claims are likely barred by the applicable three-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury).

The Court also notes that it appears that the potential defendants may be located in the Eastern District of North Carolina, and the events challenged in the Complaint are all alleged to have occurred there as well. Therefore, it appears that venue would be proper in that District. However, Plaintiff can no longer file cases in the Eastern District of North Carolina against at least some of the Defendants listed in the present Complaint or based on at least some of the allegations in the present Complaint, due to that court's entry of a pre-filing injunction against him. Bailey v. City of Fayetteville, No. 4:13CV156 (E.D.N.C. Aug. 19, 2013) (unpublished). This Court has also warned Plaintiff that if he follows such a pattern of filing in this District, this Court will consider the entry of a similar injunction.

In light of that, this Court has entered an Order in Plaintiff's most recently filed case, 1:17CV144, recommending entry of a pre-filing injunction and allowing Plaintiff twenty (20) days to show cause why such an injunction should not be entered in this District.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice.

This, the 28th day of June, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge